UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| TRISTAN BOWLING, | ) |
| Petitioner, | ) |
| vs. | ) No. 1:17-cv-02236-SEB-DML |
| DUSHAN ZATECKY Superintendent, | ) |
| Respondent. | ) |

**Entry Granting Respondent's Motion to Dismiss**

In this habeas action, petitioner Tristan Bowling challenges a prison disciplinary conviction. He was found guilty on April 27, 2017, of committing a nonconsensual sex act in ISR 17-03-0035. He was sanctioned with the loss of good-time credit, a demotion in credit class, and segregated housing.

The respondent seeks the dismissal of this action on the grounds that Mr. Bowling failed to exhaust his administrative appeals process. In Indiana, only the issues raised in a timely appeal to the Facility Head and then to the Indiana Department of Correction Appeals Review Officer or Final Reviewing Authority may be raised in a subsequent Petition for Writ of Habeas Corpus. *See* 28 U.S.C. § 2254(b)(1)(A); *Eads v. Hanks*, 280 F.3d 728, 729 (7th Cir. 2002); *Moffat v. Broyles,* 288 F.3d 978, 981 (7th Cir. 2002). The respondent argues that Mr. Bowling failed to exhaust the administrative appeals process, and because the time to complete such administrative appeals process has passed, no relief can be given under the habeas corpus doctrine.

Mr. Bowling has opposed the motion to dismiss in his letter filed December 13, 2017. Mr. Bowling explains that did not know how to file an administrative appeal. So he asked the law clerk

what his next step was and was directed to request a State Habeas Corpus appeal form. Mr. Bowling was given the form and the law clerk helped him fill it out. This form was submitted to this Court and the present civil action was opened.

Unfortunately, for Mr. Bowling the fact that he was misled by another inmate is insufficient to show that the administrative appeals process was not available to him or that he is excused from completing the process. This is because Mr. Bowling was given the information he needed to properly complete the administrative appeals process by Indiana Department of Correction employees. In a letter dated May 15, 2017, Mr. Bowling was instructed that if he wished to appeal the decision finding him guilty of Code 115, he should contact his Unit Team. Dkt. 15-3 at p.1.

The form on which Mr. Bowling filed his appeal to the facility head on April 27, 2017, included the following instructions:

> Appeal must first be made to the facility head within fifteen (15) working days of the hearing. The individual making the appeal will do so in Section 1 and forward to the facility head, who will make his response in Section 2. The facility head is the final reviewing authority for appeals not involving grievous loss sanctions. **(If the response is unfavorable and involves grievous loss sanctions, the offender may the forward the appeal, within fifteen (15) working days of the date the response is received from the facility head, to the appropriate Final Reviewing Authority).**

Doc. 8-4 (emphasis in the original). This form was returned to Mr. Bowling on or about June 6, 2017, along with the response of the facility head to the appeal. The instruction to seek additional review to the Final Review Authority is clearly indicated on the form and presented in bold. There is an additional note at the bottom of the form which states: "NOTE: Offender is responsible for sending copy to Central Office if final review and decision is required." *Id.*

Finally, the Department of Correction Disciplinary Code is available to offenders and also clearly lays out the two stage administrative appeal process. See Disciplinary Code 02-04-101 X http://www.in.gov/idoc/files/02-04-101_The_Disciplinary_Code_for_Adult_Offenders___6-1-

2015.pdf at p. 52, (last visited December 28, 2017). First, offenders must appeal to the Superintendent or facility head and second, for offenders whose sanctions include grievous loss, an appeal to the Appeal Review Officer or Final Reviewing Authority.

Under these circumstances, the administrative appeal process was available to Mr. Bowling, and the information on how to appeal was presented to him and readily available despite receiving incorrect information from another inmate.

Section 2254 requires that a person in custody exhaust the remedies available in the courts of the State before they are permitted to bring a habeas corpus claim. State court remedies must be exhausted if they are "available and adequate." *Preiser v. Rodriguez*, 411 U.S. 475, 477 (1973). A petitioner's failure to exhaust his available remedies results in "procedural default precluding habeas relief." *Dunne v. Henman*, 914 F.2d 260 (7th Cir. 1990). Because the undisputed record reflects that Mr. Bowling failed to exhaust his available administrative remedies before filing this action, the respondent's motion to dismiss, dkt. [8] must be **granted.**

Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 1/8/2018

*Sarah Evans Barker*
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

All Electronically Registered Counsel

TRISTAN BOWLING
960903
PENDLETON - CF
Electronic Service Participant -- Court Only